UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Harry T. Simone,

    Plaintiff,

v.

Hon. Diane Pincus, et al.,

    Defendants.

Civil No. 11-05514

**MEMORANDUM & ORDER**

THOMPSON, U.S.D.J.

    Plaintiff, Harry T. Simone, an inmate presently confined at Middlesex County Adult Correction Center, seeks to bring what appears to be Sixth Amendment claims against the presiding judge and assigned counsel, alleging that he was denied his right to proceed pro-se, despite his "clear and unequivocal request to do so" and denied "adequate representation by constructive non-representation" within the context of a motion to suppress. (Application to Proceed *In Forma Pauperis* 1) [docket # 1-1]. Plaintiff has submitted an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. *Id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. *Id.*

    Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee. *Id.* § 1915(b)(1). Specifically, in each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess,

deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account until the $350 filing fee is paid. *Id.* § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the law does not permit the prisoner to get his filing fee back.

In this case, Plaintiff has properly submitted an *in forma pauperis* application claiming an entitlement to redress and stating the issues that he intends to present in the action, as well as a signed certification from an authorized officer of the correctional facility where he presently is confined and a six-month institutional account statement.

IT IS, therefore, on this 29th day of September, 2011,

ORDERED that Plaintiff's application to proceed *in forma pauperis* [docket # 1-1] is hereby GRANTED; and it is

ORDERED that the Clerk shall file the Complaint without prepayment of fees or security; and it is

ORDERED that Plaintiff shall, within thirty days, inform the Clerk of the Court by letter of the location where Defendants may be served with legal process so that the officers of the Court may issue and serve process as required by 28 U.S.C. § 1915(d); and it is

ORDERED that the Clerk shall mail a copy of this Order to Plaintiff.

        */s/ Anne E. Thompson*
        ANNE E. THOMPSON, U.S.D.J.