NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HARRY TYLER SIMONE,

          Plaintiff,

     v.

JUDGE DIANE PINCUS, et al.,

          Defendants.

Civil No. 11-5514 (AET)

OPINION

RECEIVED

NOV 1 5 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

APPEARANCES:

    HARRY TYLER SIMONE, #129658
    Middlesex County Adult Correctional Facility
    P.O. Box 266
    New Brunswick, NJ 08903

THOMPSON, District Judge:

    Harry Tyler Simone, who is currently incarcerated at Middlesex County Adult

Correctional Facility, was granted in forma pauperis status to file a Complaint against a Superior

Court Judge, Plaintiff's public defenders, several state prosecutors, the State of New Jersey, and

the County of Middlesex.[1]  This Court has screened the Complaint for dismissal, as required by

28 U.S.C. § 1915(e)(2)(B) and, for the reasons explained below, will dismiss the Complaint with

prejudice for failure to state a claim upon which relief may be granted.

---

[1] Because the Order granting Plaintiff's application to proceed in forma pauperis did not
collect the filing fee, as required by 28 U.S.C. § 1915(b), the Order accompanying this Opinion
directs the agency having custody of Plaintiff to deduct the filing fee in installments from
Plaintiff's prison account.  See 28 U.S.C. § 1915(b)(1) and (2).

## I.  BACKGROUND

Plaintiff asserts violation of his constitutional rights under 42 U.S.C. § 1983 by Diane

Pincus, Judge of the Superior Court of New Jersey; Joel A. Friedman and Richard Barker, public

defenders; prosecutors Bruce Kaplan and Lynn Pilone; Christine Bevaqua, supervisor of the sex

crimes division of the Middlesex County Prosecutor's Office; the State of New Jersey; and the

County of Middlesex County, New Jersey.  He asserts the following facts:

> On April 26, 2010, Defendant #3, Lynn Pilone, threatened Pamela
> Simone, a witness favorable to the Plaintiff, with incarceration if
> she continued to assist the Plaintiff.  On August 9, 2010, in the
> Middlesex County Courthouse, when it became clear to the
> Plaintiff that his attorney, Defendant #3, Joel Friedman, would not
> properly represent the Plaintiff in his motion to suppress, and that
> the witness, Pamela Simone, would not come to the courthouse to
> testify without a su[b]poena for fear of retaliation by Defendant #3,
> Lynn Pilone, Plaintiff fired defendant #2 Joel Friedman, and
> expressly stated that he wished to proceed Pro Se.  Instead of
> granting a Ferreta hearing as required, Defendant #1, Judge Pincus,
> insisted that the motion proceed, thus denying Plaintiff his Sixth
> Amendment right to self-representation.  Defendants #1, #2, and #3
> proceeded with the motion over Plaintiff's objection.
>
> Plaintiff #3 further tampered with the search warrant, substituting a
> more favorable one in place of the original which would have been
> detrimental to the state's case.
>
> Defendant #1 further refused to even entertain the pro se merits
> brief of the Plaintiff denying due process.  On the same day at the
> bail reduction hearing, Defendant#3 perjured herself before the
> court by stating she had spoken to witness Pamela Simone, Mrs.
> Simone being represented by counsel of her own specifically
> because of the threat issued by defendant #3.  Such perjury by a
> prosecutor effectively denied the defendant due process.
>
> All other defendants are liable for the actions and/or training of
> their subordinates.

(Dkt. 1 at 6 & Dkt. 1-1 at 6.)

2

For relief, Plaintiff seeks compensatory damages and injunctive relief removing Judge Pincus from the bench, prohibiting the attorney defendants from further practice of law, and overhauling the pool attorney system to ensure that criminal defendants receive proper representation. (Dkt. 1 at 7.)

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks relief against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final-nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (citation omitted). Officials may not be held liable under § 1983 for the

---

[2] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

unconstitutional misconduct of their subordinates. Id. at 1948-49. Rather, the facts set forth in the complaint must show that each government-official defendant, through the official's own individual actions, has violated the plaintiff's constitutional rights. Id. This Court must disregard labels, conclusions, legal arguments, and naked assertions. Id. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief", and will be dismissed. Id. (citations and internal quotation marks omitted).

The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal,

> a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the plaintiff's entitlement to relief.* A complaint has to "show" such an entitlement with its facts") (emphasis supplied). The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

4

### III.  DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to

state a claim of liability under 42 U.S.C. § 1983.  See Iqbal, 129 S Ct. at 1947-48.  Section 1983

provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person

deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins,

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.

Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

First, Plaintiff seeks relief under §1983 against the State of New Jersey, but a state may

not be found liable in this Court under § 1983.  See Will v. Michigan Dep't of State Police, 491

U.S. 58 (1989).  Accordingly, the claims against the State of New Jersey will be dismissed with

prejudice.  Second, Plaintiff seeks relief against the County of Middlesex, but "a local

government may not be sued under § 1983 for an injury inflicted solely by its employees or

agents. Instead, it is when execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of

Social Services of City of New York, 436 U.S. 658, 694 (1978). To state a § 1983 claim against

a municipality, a complaint "must identify a custom or policy, and specify what exactly that

custom or policy was," McTernan v. City of York, PA, 564 F. 3d 636, 658 (3d Cir. 2009), and

specify facts showing a "direct causal link between a municipal policy or custom and the alleged

constitutional deprivation," Jiminez v. All American Rathskeller, Inc., 503 F. 3d 247, 249 (3d

Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Because Plaintiff's

Complaint fails to assert facts showing that a particular policy of Middlesex County caused a

violation of his constitutional rights, the claim against the county will also be dismissed.

Third, Plaintiff's federal claims against the Public Defenders (and/or appointed counsel)

fail as a matter of law because these defendants were not acting under color of state law.

"Although a private [person] may cause a deprivation of . . . a right, [she] may be subjected to

liability under § 1983 only when [she] does so under color of law." Mark v. Borough of

Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S.

149, 156 (1978)). In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that

a public defender, though paid and ultimately supervised by the state, does not act under color of

state law when performing the traditional functions of counsel to a criminal defendant. See also

Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys

were not acting under color of state law when they issued subpoenas). Here, Plaintiff seeks

damages and injunctive relief against the public defenders for providing constitutionally

6

inadequate representation in a criminal proceeding. Because the acts and omissions complained of concern the traditional functions of a criminal defense attorney, these defendants were not acting under color of state law and the Complaint will be dismissed for failure to state a claim for relief against them.

Fourth, this Court will also dismiss claims against Judge Pincus and the prosecutor defendants because they are absolutely immune from suit for damages under § 1983. A prosecutor is absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). And "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)). Because the alleged wrongdoing by Judge Pincus and the prosecutor defendants consists of acts taken in their judicial and/or prosecutorial capacities in Plaintiff's state criminal prosecution, the damage claims against these defendants will be dismissed with prejudice. See Imbler, 424 U.S. at 410; Mireles v. Waco, 502 U.S. 9 (1991); Capogrosso v. the Supreme Court of the State of New Jersey, 588 F. 3d 180 (3d Cir. 2009). Moreover, Plaintiff has shown no legal basis for granting injunctive relief against Judge Pincus or any other defendant. See Younger v. Harris, 401 U.S. 37 (1971); 28 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); Abulkhair v. Toskos, 430 Fed. App'x 98, 100 (3d Cir. 2011); Azubuko v. Royal, 443 F. 3d 302, 303-04 (3d Cir. 2006).

7

Finally, Plaintiff also seeks damages for violation of his constitutional rights against Christine Bevaqua, supervisor of the sex crimes division in the Middlesex County Prosecutor's Office. Plaintiff asserts that Bevaqua "oversees and is responsible for the conduct and training of Defendant #3, Lynn Pilone [and she] failed to provide adequate oversight and training." (Dkt. 1-1 at 5.) "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. In Iqbal, the Supreme Court rejected the proposition that a supervisory defendant can be liable for "knowledge and acquiescence in their subordinates' [misconduct.]" Id.

> [Plaintiff's] conception of 'supervisory liability" is inconsistent with his accurate stipulation that [persons] may not be held accountable for the misdeeds of their agents. In a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.

Iqbal, 129 S. Ct. at 1949.

As Plaintiff fails to assert facts showing that Christine Bevaqua violated Plaintiff's federal rights, the Complaint fails to state a claim against Bevaqua under the Iqbal pleading standard and the Complaint will be dismissed as against her for that reason.[3]

---

[3] The dismissal of the Complaint is with prejudice as amendment of the complaint would be futile.

8

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint.

ANNE E. THOMPSON, U.S.D.J.

Dated: _____, 2011

9